## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS FRINGE BENEFIT | ) | |
| FUNDS OF ILLINOIS and | ) | |
| MICHAEL T. KUCHARSKI, as | ) | |
| Administrative Manager, | ) | CIVIL ACTION |
| | ) | |
| Plaintiffs, | ) | NO.  08 C 608 |
| -vs- | ) | |
| | ) | Judge Kocoras |
| CHAKRA, INC., an Illinois Corporation, | ) | |
| | ) | Magistrate Judge |
| | ) | Ashman |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

NOW COMES the Defendant, CHAKRA, INC., by and through its attorneys,

BERGLUND & MASTNY, P.C., and in answer to the Plaintiffs' Complaint, states as follows:

1.      This action arises under the laws of the United States and is brought pursuant to

the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145

(hereinafter referred to as "ERISA").  Jurisdiction is based upon the existence of questions

arising thereunder, as hereinafter more fully appears.

**RESPONSE:  Defendant admits the allegations made in Paragraph 1, but denies**

**liability thereunder.**

2.      Plaintiffs, the CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS, are

various pension and related joint, labor-management funds and bring this action as "employee

welfare benefit funds" and "plans" under ERISA and Plaintiff, MICHAEL T. KUCHARSKI, is

the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto.  Plaintiff

Funds are administered within this District.

**RESPONSE:  Defendant admits the allegations made in Paragraph 2, but denies**

**liability to Plaintiffs.**

3.      Defendant is obligated to make fringe benefit contributions to the Funds under the terms of the certain "Agreements and Declarations of Trust", establishing and outlining the administration of these Funds, and, pursuant to the terms of a collective bargaining agreement adopting these "Agreements and Declarations of Trust" and entered into by Defendant.

**RESPONSE:   Defendant has insufficient information to admit or deny the allegations in Paragraph 3 since Defendant does not have said Agreements, and thereby denies these allegations.**

4.      As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically required to do the following:

(a)     To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b)     To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c)     To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d)     To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 10 percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e)     To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f)     To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(g)     To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an

amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

**RESPONSE:  Defendant has insufficient information to admit or deny the**

**allegations in Paragraph 4, since  it does not have the agreement which imposes such**

**obligations on Defendant; therefore Defendant denies said allegations.**

5.    Defendant is delinquent and has breached its obligations to Plaintiffs and

its obligations under the plans in the following respects:

> Defendant has failed to make payment of contributions, liquidated damages, accrued
> interest and audit fees based upon an audit of the Defendant's payroll records showing
> Defendant to have been delinquent in the payment of contributions and to have reported
> hours worked by its employees incorrectly to Plaintiffs.

**RESPONSE:  Defendant denies the allegations in Paragraph 5.**

6.    That upon careful review of all records maintained by Plaintiffs, and after

application of any and all partial payments made by Defendant, there is a total of $40,477.84,

known to be due Plaintiffs from Defendant, subject however to the possibility that additional

monies may be due Plaintiffs from Defendant based upon Defendant's failure to submit all

required reports, or to accurately state all hours for which contributions are due on reports

previously submitted, and subject further to the possibility that additional contributions and

liquidated damages will come due during the pendency of this lawsuit.

**RESPONSE:  Defendant denies the allegations in Paragraph 6.**

7.    Plaintiffs have requested that Defendant perform its obligations as aforesaid, but

Defendant has failed and refused to so perform.

**RESPONSE:  Defendant admits that Plaintiffs have requested Defendant perform**

**alleged obligations, but Defendant denies liability to Plaintiffs and therefore denies the**

**remainder of the allegations in Paragraph 7.**

8.    Defendant's continuing refusal and failure to perform its obligations to Plaintiffs

is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no

adequate remedy at law.

**RESPONSE:  Defendant denies the allegations in Paragraph 8.**

## AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted since

Plaintiff's lack standing to file this action.

## JURY TRIAL DEMANDED

Defendant demands a trial by jury.

WHEREFORE, Defendant moves this Honorable Court to dismiss Plaintiffs' Complaint

with prejudice and for such other relief deemed just and equitable.

Respectfully submitted,

CHAKRA, INC.

By: /s/ Joseph P. Berglund
        One of Its Attorneys

Joseph P. Berglund
Kenneth M. Mastny
BERGLUND & MASTNY, P.C.
900 Jorie Boulevard, Suite 122
Oak Brook, Illinois 60523-3823
(630) 990-0234