**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARPENTERS FRINGE BENEFIT ) | |
| FUNDS OF ILLINOIS and ) | |
| MICHAEL T. KUCHARSKI, as ) | |
| Administrative Manager, ) | CIVIL ACTION |
| ) | |
| Plaintiffs, ) | NO.  08 C 608 |
| -vs- ) | |
| ) | Judge Kocoras |
| CHAKRA, INC., an Illinois Corporation, ) | |
| ) | Magistrate Judge |
| ) | Ashman |
| Defendant. ) | |
| ----------------------------------------------------------- ) | |
| CHAKRA, INC. ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | |
| v. ) | |
| CHICAGO REGIONAL COUNCIL OF ) | |
| CARPENTERS PENSION FUND, ) | |
| the CHICAGO REGIONAL COUNCIL OF ) | |
| CARPENTERS WELFARE FUND, and ) | |
| the CHICAGO REGIONAL COUNCIL OF ) | |
| CARPENTERS APPRENTICE and TRAINEE ) | |
| PROGRAM FUND ) | |
| ) | |
| Third-Party Defendants. ) | |

**THIRD PARTY COMPLAINT**

NOW COMES the Defendant/Third-Party Plaintiff, CHAKRA, INC. ("Chakra"), by and through its attorneys, BERGLUND & MASTNY, P.C., and for its Third Party Complaint against the Third-Party Defendants, CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND (collectively referred to as "Chicago Funds"), complains as follows:

1. Plaintiffs, the CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS ("Fox Valley Funds"), are various pension and related joint, labor-management funds and bring their action as "employee welfare benefit funds" and "plans" under ERISA and Plaintiff, MICHAEL T. KUCHARSKI, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiffs Fox Valley Funds are administered within this District.

2. Fox Valley Funds claim that Defendant is obligated to make fringe benefit contributions to them under the terms of the certain "Agreements and Declarations of Trust", establishing and outlining the administration of the Fox Valley Funds, and, pursuant to the terms of a collective bargaining agreement adopting these "Agreements and Declarations of Trust" and entered into by Defendant for contributions paid to the Fox Valley Funds.

3. Subject matter jurisdiction over this action arises under the laws of the United States and is brought pursuant 28 U.S.C. § 1331 and pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder as hereinafter more fully appears.

4. Jurisdiction to issue the remedy sought herein is also provided in the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

5. The Chicago Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, (the "Union"), and therefore, are multi-employer plans. (29 U.S.C. §1002). The Chicago Funds are administered at 12 East Erie Street, Chicago,

Illinois and venue is proper in the Northern District of Illinois.

6.    An actual and justiciable controversy exists between Chakra and Chicago Funds which is ripe for judicial review over which Chakra seeks a declaration of its rights and obligations.

7.    In the event this Court declares that Chakra is required to pay contributions to the Fox Valley Funds and these contributions were instead paid in error to the Chicago Funds, the Chicago Funds should account to Chakra for all such contributions they received from Chakra and to return said payments to Chakra.

8.    In the event this Court declares that Chakra is required to pay contributions to the Fox Valley Funds for contributions that were instead paid in error to the Chicago Funds, Chakra has a reasonable expectation of repayment from the Chicago Funds since the contributions were paid by mistake and upon the direction of the Chicago Funds to do so and it is unjust to require Chakra to pay the Fox Valley Funds after Chakra has already paid such contributions to the Chicago Funds.

## **JURY TRIAL DEMANDED**

Defendant demands a trial by jury.

WHEREFORE, Chakra prays that this Honorable Court enter judgment in favor of Chakra and against the Chicago Funds as follows:

A.    Declare the rights and obligations of Chakra to submit contributions;

B.    In the event the Court declares that Chakra is required to pay contributions to the Fox Valley Funds, to order the Chicago Funds to account for all contributions received by them from Chakra, to order Chicago Funds to return payments received by them from Chakra,

including interest and liquidated damages, to Chakra and;

    C.    Award Chakra such other relief deemed just and equitable.

        Respectfully submitted,

        CHAKRA, INC.

        By:  /s/ Joseph P. Berglund
            One of Its Attorneys

Joseph P. Berglund
Kenneth M. Mastny
BERGLUND & MASTNY, P.C.
900 Jorie Boulevard, Suite 122
Oak Brook, Illinois 60523-3823
(630) 990-0234