IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS FRINGE BENEFIT ) <br> FUNDS OF ILLINOIS and ) <br> MICHAEL T. KUCHARSKI, as ) <br> Administrative Manager, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> -vs- ) <br> ) <br> CHAKRA, INC., an Illinois Corporation, ) <br> ) <br> ) <br> Defendant. ) <br> ------------------------------------------------- ) <br> CHAKRA, INC. ) <br> ) <br> Defendant/Third-Party Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHICAGO REGIONAL COUNCIL OF ) <br> CARPENTERS PENSION FUND, ) <br> the CHICAGO REGIONAL COUNCIL OF ) <br> CARPENTERS WELFARE FUND, and ) <br> the CHICAGO REGIONAL COUNCIL OF ) <br> CARPENTERS APPRENTICE and TRAINEE ) <br> PROGRAM FUND, ) <br> ) <br> Third-Party Defendants. ) | CIVIL ACTION <br><br> NO. 08 C 608 <br><br> Judge Kocoras <br><br> Magistrate Judge Ashman |

**ANSWER**
**TO THIRD PARTY COMPLAINT**

Third-Party Defendants, CHICAGO REGIONAL COUNCIL OF CARPENTERS

PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE

FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and

TRAINEE PROGRAM FUND (hereinafter, the "Funds"), by and through their attorneys,

WHITFIELD, McGANN & KETTERMAN, for their Answer to the Third Party Complaint, state as follows:

1. Plaintiffs, the CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS ("Fox Valley Funds"), are various pension and related joint, labor-management funds and bring their action as "employee welfare benefit funds" and "plans" under ERISA and Plaintiff, MICHAEL T. KUCHARSKI, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiffs Fox Valley Funds are administered within this District.

ANSWER:   Third party defendants admit the allegations of paragraph one.

2. Fox Valley Funds claim that Defendant is obligated to make fringe benefit contributions to them under the terms of the certain "Agreements and Declarations of Trust", establishing and outlining the administration of the Fox Valley Funds, and, pursuant to the terms of a collective bargaining agreement adopting these "Agreements and Declarations of Trust" and entered into by Defendant for contributions paid to the Fox Valley Funds.

ANSWER:   Third party defendants are without sufficient information to admit or deny the allegations of paragraph two.

3. Subject matter jurisdiction over this action arises under the laws of the United States and is brought pursuant 28 U.S.C. § 1331 and pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder as hereinafter more fully appears.

ANSWER:   Third party defendants admit the allegations of paragraph three.

4. Jurisdiction to issue the remedy sought herein is also provided in the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

ANSWER:   Third party defendants admit the allegations of paragraph four.

5. The Chicago Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, (the "Union"), and therefore, are multi-employer plans. (29 U.S.C. §1002). The Chicago Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

ANSWER: Third party defendants admit the allegations of paragraph five.

6. An actual and justiciable controversy exists between Chakra and Chicago Funds which is ripe for judicial review over which Chakra seeks a declaration of its rights and obligations.

ANSWER: Third party defendants are without sufficient information to admit or deny the allegations of paragraph six.

7. In the event this Court declares that Chakra is required to pay contributions to the Fox Valley Funds and these contributions were instead paid in error to the Chicago Funds, the Chicago Funds should account to Chakra for all such contributions they received from Chakra and to return said payments to Chakra.

ANSWER: Third party defendants deny the allegations of paragraph seven.

8. In the event this Court declares that Chakra is required to pay contributions to the Fox Valley Funds for contributions that were instead paid in error to the Chicago Funds, Chakra has a reasonable expectation of repayment from the Chicago Funds since the contributions were paid by mistake and upon the direction of the Chicago Funds to do so and it is unjust to require Chakra to pay the Fox Valley Funds after Chakra has already paid such contributions to the Chicago Funds.

ANSWER: Third party defendants deny the allegations of paragraph eight.

WHEREFORE, Third party defendant prays that the complaint be dismissed with prejudice.

Respectfully submitted,

/s/ Leonard Saphire-Bernstein
Attorney for Third Party Defendants
WHITFIELD, McGANN & KETTERMAN
111 E. Wacker Dr., Suite 2600
Chicago, IL 60601
312-251-9700